1 | BOWMAN AND BROOKE LLP
Brian Takahashi (SBN: 146505)
2 | 970 West 190th Street, Suite 700
Torrance, California 90502
3 | Tel No:    310/ 768-3068
Fax No:    310/ 719-1019
4 |
BOWMAN AND BROOKE LLP
5 | Sean A. Ramia (SBN: 172989)
Parris H. Schmidt (SBN:  183999)
6 | 1741 Technology Drive, Suite 200
San Jose, California 95110-1364
7 | Tel No:    408/ 279-5393
Fax No:    408/ 279-5845
8 |
9 | Attorneys for Defendant
JAGUAR LAND ROVER NORTH AMERICA, LLC
10 |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| LINDA C. FRANCOIS EDWARDS, | ) | **CASE NO.:** |
|---|---|---|
| Plaintiff, | ) | (Removed from Superior Court of Contra Costa County, Case No. C21-01034) |
| | ) | |
| vs. | ) | **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 USC § 1441 (DIVERSITY JURISDICTION); AND DECLARATION OF PARRIS H. SCHMIDT, EXHIBIT A** |
| JAGUAR LAND ROVER NORTH AMERICA, LLC; and DOES 1 through 10, inclusive, | ) | |
| Defendants. | ) | Action Filed: May 21, 2021 Trial:  None |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

Defendant Jaguar Land Rover North America, LLC ("JLRNA") hereby removes this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. section 1441(b) & (c), based upon diversity jurisdiction as defined by 28 U.S.C. section 1332.

/ / /

I. __THE REMOVED CASE__

1.      On May 21, 2021, Plaintiff Linda C. Francois Edwards ("Linda Edwards" or "Plaintiff") filed a complaint in the Superior Court of the State of California, Contra Costa County, titled Linda C. Francois Edwards v. Jaguar Land Rover North America, LLC, et al., Case No. C21-01034 ("Action"), alleging causes of action relating to Plaintiff's purchase of a 2011 Jaguar XJL, vehicle identification number SAJWA2GB0BLV13343 ("Subject Vehicle") against defendant Jaguar Land Rover North America, LLC ("JLRNA"). The complaint alleges violations of the Song-Beverly Consumer Warranty Act under California Civil Code section 1790 *et seq.* (See Declaration of Parris Schmidt ["Schmidt Decl."], ¶ 2, **Exhibit A,** Complaint)

II. __PROCEDURAL REQUIREMENTS__

2.      JLRNA was served with Plaintiff's Summons and Complaint on June 1, 2021, through its designated agent for service of process. (*Id.* at ¶ 3, SCS notice of service of process attached to Complaint, **Exhibit A**) It was on that date that JLRNA received, through service or otherwise, a copy of the pleading, Motion, Order or other paper from which it could first be ascertained that the case is one which is removable. 28 U.S.C. § 1446(b).

3.      JLRNA has thirty (30) days therefrom to remove a case to this Court. 28 U.S.C. § 1446(b).  Having filed this Notice of Removal within 30 days of being served with Plaintiff's summons and complaint, this Notice of removal is timely filed.

4.      Pursuant to 28 U.S.C. section 1446(a), copies of all process, pleadings, and orders for the State Action in Defendant's possession are contained in **Exhibit A** to the Schmidt Decl.

5.      This Court has original jurisdiction in this civil action under 28 U.S.C. section 1332, and it is one which may be removed to this federal court by defendant JLRNA pursuant to 28 U.S.C. section 1441(b) because it involves citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs (Schmidt Decl., ¶ 4)

6.      The Superior Court of the State of California for the County of Contra Costa is located in the Northern District of California.  Therefore, venue is proper pursuant to 28 U.S.C. section 84 because this is the "district and division within which such action is pending . . . ."

1    (*See* 28 U.S.C. §1446(a).)

2    7.    No previous application has been made for the relief requested herein.  (Schmidt

3    Decl., ¶ 9)

4    8.    Under 28 U.S.C. § 1446(d), a copy of this Notice of removal is being served upon

5    counsel for Plaintiff, and a copy is being filed with the clerk of the Superior Court of the State of

6    California for the County of Contra Costa.

7    **III.    THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. §§ 1332 and 1441**

8    **A.    Diversity of Citizenship Exists**

9    9.    There is a complete diversity of citizenship. The basic requirement in diversity

10   cases is that all plaintiffs be of different citizenship than all defendants.  Any instance of

11   common citizenship prevents federal diversity jurisdiction.  For diversity purposes, a natural

12   person is a "citizen" of the state which he or she is domiciled.  (*Kantor v. Wellesley Galleries,*

13   *Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).)  A natural person's domicile is the place he or she

14   resides with the intention to remain or to which he or she intends to return.  (*Kanter v. Warner-*

15   *Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).)  A party's residence is prima facie evidence of

16   domicile, and only if that party disputes domicile is the removing party required to provide proof

17   of domiciliary intent.  *See, e.g., State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th

18   Cir. 1994).  A corporation, on the other hand, is deemed to be a citizen of any State by which it

19   has been incorporated and of the State where it has its principal place of business.  (28 U.S.C.

20   §1332(c)(1).)

21   10.    A case is removable on diversity grounds if diversity of citizenship can be

22   ascertained from the face of plaintiff's Complaint or this fact is disclosed in pleadings, motions or

23   papers "from which it may first be ascertained that the case is one which is or has become

24   removable…" (28 U.S.C. §1446(b)(3).)

25   11.    Plaintiff Linda Edwards, at the time this action was commenced, was and still is a

26   citizen of the State of California.  Specifically, Plaintiff was and still is a resident of Contra Costa

27   County, California, which is reflected by the allegations in the complaint, paragraph 2. (*See*

28   Schmidt Decl., ¶ 5, **Exhibit A**)

12.     Defendant JLRNA, at the time this action was commenced, was and is still a single-member limited liability company formed under the laws of the state of Delaware with its principal place of business located in the state of New Jersey.  JLRNA's sole member is Jaguar Land Rover Limited, a British-incorporated Private Limited Company, with its principal place of business in Coventry, England. (Schmidt Decl., ¶ 6)

**B.      The Amount in Controversy Requirement Under Diversity Is Satisfied**

13.     The amount-in-controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

14.     The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

15.     Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. Id. Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

16.     Defendant denies that it is liable to Plaintiff for any damages. Nevertheless, Defendant can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. See *Guglielmino v. McKee Foods Corp.*, 506 F.3d

1   696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence

2   that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

3          17.    In the present case, Plaintiff alleges claims for breach of express and implied

4   warranties under the Song-Beverly Consumer Warranty Act Cal. Civ. Code § 1790 et seq.

5   (**Exhibit A,** Compl. ¶¶ 24-28; 30-33; 35-36; 37-40; 42-45)

6          18.    The amount in controversy requirement is satisfied. The amount-in-controversy

7   exceeds $75,000.00, exclusive of interest and costs, for the following reasons:

8                 a.     The action arises out of Plaintiff's purchase of the Subject Vehicle on or

9                        about July 24, 2012, which Plaintiff alleges was "manufactured and or

10                       distributed by FCA [*sic*]." (Schmidt Decl., ¶ 4, **Exhibit A.**)

11                b.     Plaintiff alleges that she is entitled to all incidental, consequential, and

12                       general damages.  (Complaint at ¶ 6.)

13                c.     Plaintiff alleges that she is entitled to restitution.  (*Id.* at Prayer.)

14                d.     Plaintiff alleges that she is entitled to recover costs, including attorney's

15                       fees.  (*Id.* at Prayer.)

16                e.     Plaintiff alleges she suffered damages in a sum to be proven at trial in an

17                       amount that is not less than $25,001.00. (*Id.* at ¶ 21.)

18                f.     Plaintiff also alleges that she is entitled to recover a civil penalty of two

19                       times actual damages under the Song-Beverly Act, Cal. Civ. Code section

20                       1790, et seq.  (*Id.* at ¶¶ 26, 28, 33, 36, 40, Prayer.) Thus, Plaintiff seeks in

21                       excess of $75,001.00.

22          19.    Civil penalties under the Song-Beverly Act are also properly included in the

23   calculation. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002);

24   see also *Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046, n.3 (9th Cir. 2000)

25   (civil penalties under Cal. Civ. Code § 52(a) and punitive damages are included in the amount in

26   controversy). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-

27   controversy allegation should be accepted when not contested by the plaintiff or questioned by

28   the court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 553 (2014).

1    20.    Plaintiff's complaint, at a minimum, seeks in excess of $75,001.00 in monetary

2    damages and civil penalties, not including other compensatory damages or attorneys' fees.

3    (*See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy

4    requirement may be established by showing that such damages are "facially apparent" from the

5    plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the

6    requisite amount); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.2d 1004, 1009 (U.S.D.C.

7    N.D. Cal., 2002) (civil penalties under California Song-Beverly Consumer Warranty Act are

8    included in determining whether amount in controversy for diversity jurisdiction was satisfied as

9    civil penalties under the Act, allowing up to two times the amount of actual damages as well as

10   compensatory damages, are akin to punitive damages).) Consequently, the jurisdictional

11   threshold amount in controversy is met even without considering reasonable attorneys' fees

12   also requested in the Complaint.

13   21.    The amount in controversy also includes reasonable estimates of attorney's fees.

14   *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002); *Guglielmino*

15   *v. McKee Foods Corp.,* 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia,* 142

16   F.3d 1150, 1156 (9th Cir. 1998).)  In fact, the court in *Fritsch v. Switch Transp. Co. of Az., LLC,*

17   899 F.3d 785, 794 (9th Cir. 2018) more recently held that "a court must include future attorneys'

18   fees recoverable by statute or contract when assessing whether the amount-in-controversy

19   requirement is met."

20   22.    This removal notice is timely filed as it is filed "…within 30 days after the receipt

21   by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the

22   claim for relief upon which such action or proceeding is based…" pursuant to 28 U.S.C. section

23   1446.  (Schmidt Decl., ¶ 3.) Therefore, removal of this case is proper.

24   23.    JLRNA will promptly notify Plaintiff and the Superior Court of this removal as

25   required by 28 U.S.C. section 1446(d).

26   / / /

27   / / /

28   / / /

**IV.      CONCLUSION**

      For the reasons stated above, the State Action may be removed to this Court by JLRNA in accordance with the provisions of 28 U.S.C. §§ 1332, 1441, and 1446.

DATED: June 30, 2021                                   BOWMAN AND BROOKE LLP


BY:   <u>*/s/ Parris H. Schmidt*</u>
          Parris H. Schmidt
          Attorneys for Defendant
          JAGUAR LAND ROVER NORTH
          AMERICA, LLC

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF CALIFORNIA UNDER 28 USC § 1441 (DIVERSITY JURISDICTION); AND
DECLARATION OF PARRIS H. SCHMIDT, EXHIBIT A

1

## DECLARATION OF PARRIS SCHMIDT

2

I, Parris Schmidt, declare as follows:

3

1.      I am an attorney admitted to practice before all courts of the State of California

4

and the Northern District Court.  I am a senior counsel at Bowman and Brooke LLP, attorneys of

5

record for Jaguar Land Rover North America, LLC ("JLRNA").  I have personal knowledge of all

6

the facts set forth herein, and if called upon to do so by the court, could and would testify

7

competently thereto.

8

2.      On May 21, 2021, Plaintiff Linda C. Francois Edwards ("Linda Edwards" or

9

"Plaintiff") filed a complaint in the Superior Court of the State of California, Contra Costa County,

10

titled Linda C. Francois Edwards v. Jaguar Land Rover North America, LLC, et al., Case No.

11

C21-01034 ("Action"), alleging causes of action relating to Plaintiff's purchase of a 2011 Jaguar

12

XJL, vehicle identification number SAJWA2GB0BLV13343 ("Subject Vehicle") against

13

defendant Jaguar Land Rover North America, LLC ("JLRNA"). The complaint alleges violations

14

of the Song-Beverly Consumer Warranty Act under California Civil Code section 1790 *et seq*. A

15

true and correct copy of Plaintiff's Summons, Complaint, and CSC's Notice of Service of

16

Process is attached hereto as **Exhibit A**.

17

3.      JLRNA was served with Plaintiff's Summons and Complaint on June 1, 2021,

18

through its designated agent for service of process. See **Exhibit A**.

19

4.      Plaintiff alleges she suffered damages in a sum to be proven at trial in an amount

20

that is not less than $25,001.00. Plaintiff also alleges JLRNA's failure to comply with its

21

obligations under Civil Code section 1793.2, subdivision (d) was willful, and thus, Plaintiff is

22

entitled to a civil penalty of two times Plaintiff's actual damages. Thus, Plaintiff seeks in excess

23

of $75,001.00. See paragraphs 21 and 26 of Plaintiff's Complaint, **Exhibit A.**

24

5.      Plaintiff Linda Edwards, at the time this action was commenced, was and still is a

25

citizen of the State of California.  Specifically, Plaintiff was and still is a resident of Contra Costa

26

County, California, which is reflected by the allegations in the complaint, paragraph 2, **Exhibit

27

A.**

28

/ / /

6.      Defendant JLRNA, at the time this action was commenced, was and is still a single-member limited liability company formed under the laws of the state of Delaware with its principal place of business located in the state of New Jersey.  JLRNA's sole member is Jaguar Land Rover Limited, a British-incorporated Private Limited Company, with its principal place of business in Coventry, England.

7.      No previous application has been made for the relief requested herein.

8.      This removal is timely filed as it is filed within 30 days after JLRNA's receipt of Plaintiff's summons and complaint through service of process on its designated agent on June 1, 2021 of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" See **Exhibit A.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of June, 2021, at San Jose, California.


         */s/ Parris H. Schmidt*
                Parris H. Schmidt

9



# Notice of Service of Process

**null / WARBREACH**
**Transmittal Number: 23281092**
**Date Processed: 06/01/2021**

| | |
|---|---|
| Primary Contact: | Danielle Hauk
Jaguar Land Rover North America, LLC
100 Jaguar Land Rover Way
Mahwah, NJ 07495-1100 |
| Electronic copy provided to: | Nadira Kirkland
Ramsey Ong
Christine DiDomizio
John Golden |

| | |
|---|---|
| Entity: | Jaguar Land Rover North America, LLC
Entity ID Number  3279821 |
| Entity Served: | Jaguar Land Rover North America, LLC |
| Title of Action: | Linda C. Francois Edwards vs. Jaguar Land Rover North America, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Breach of Warranty |
| Court/Agency: | Contra Costa County Superior Court, CA |
| Case/Reference No: | C21-01034 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 06/01/2021 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Tionna Dolin
310-929-4906 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JAGUAR LAND ROVER NORTH AMERICA, LLC; and DOES 1
through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LINDA C. FRANCOIS EDWARDS



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D

MAY 2 1 2021

K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____
B. Pool, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es:)*  Wakefield Taylor Courthouse<br><br>725 Court Street<br>Martinez, CA 94553 | CASE NUMBER:<br>*(Número del Caso):*  2 1   0 1 0 3 4 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*

Tionna Dolin; 1840 Century Park East, Suite 430, Los Angeles, CA 90067; Tel: (310) 929-4900

| | | | |
|---|---|---|---|
| DATE: MAY 2 1 2021<br>*(Fecha)* | Clerk, by<br>*(Secretario)*  **B. POOL** | _____ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* JAGUAR LAND ROVER NORTH AMERICA, LLC

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*



BY FAX
FIRST LEGAL
2°° WEBSTER ST STE 201
OAKLAND, CA 94607
415-626-3111

1  Tionna Dolin (SBN 299010)
   Email: tdolin@slpattorney.com
2  (emailservices@slpattorney.com)
   **STRATEGIC LEGAL PRACTICES,**
3  **A PROFESSIONAL CORPORATION**
   1840 Century Park East, Suite 430
4  Los Angeles, CA 90067
   Telephone:     (310) 929-4900
5  Facsimile:     (310) 943-3838
6
7  Attorneys for Plaintiff LINDA C. FRANCOIS EDWARDS

FILED

MAY 2 1 2021

K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By
M. Pool, Deputy Clerk

8
9        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **COUNTY OF CONTRA COSTA**

COPY

SUMMONS ISSUED

11

12  LINDA C. FRANCOIS EDWARDS,      Case No.: **C21 - 01034**
13              Plaintiff,
                                    **COMPLAINT FOR VIOLATION OF**
14       vs.                        **STATUTORY OBLIGATIONS**

15  JAGUAR LAND ROVER NORTH AMERICA,
    LLC; and DOES 1 through 10, inclusive,   JURY TRIAL DEMANDED
16
            Defendants.             THIS CASE IS ASSIGNED
17                                  TO DEPT 23 FOR ALL
                                    PURPOSES.
18

19

20

21

22

23

24

25

26

27

28

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

**COMPLAINT; JURY TRIAL DEMANDED**

Plaintiff alleges as follows:

**PARTIES**

1.  As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff LINDA C. FRANCOIS EDWARDS.

2.  Plaintiff is a resident of Contra Costa County, California.

3.  As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint, unless otherwise specified.

4.  Defendant JAGUAR LAND ROVER NORTH AMERICA, LLC ("Defendant") is a corporation organized and in existence under the laws of the State of Delaware and registered with the California Department of Corporations to conduct business in California. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components in Contra Costa County.

5.  Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure section 474.   When Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiff will amend this Complaint to state their true names and capacities.

6.  To the extent there are any statutes of limitation applicable to Plaintiffs' claims– including, without limitation, the express warranty, implied warranty, fraud, and negligent repair – the running of the limitation periods have been tolled by, *inter alia*, the following doctrines or rules:  equitable tolling, the discovery rule, the fraudulent concealment rules, equitable estoppel, the repair rule, and/or class action tolling (e.g., *the American Pipe rule*).

**FACTUAL BACKGROUND**

7.  On or about July 24, 2012, in Walnut Creek, California, Plaintiff purchased a new 2011 Jaguar XJL vehicle identification number SAJWA2GB0BLV13343 (hereafter "Vehicle" or "Subject Vehicle"), which was manufactured and or distributed by Defendant FCA.   The Vehicle was purchased or used primarily for personal, family, or household

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

1

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

1    purposes. Plaintiff purchased the Vehicle from a person or entity engaged in the business of

2    manufacturing, distributing, or selling consumer goods at retail.

3          8.      In connection with the purchase, Plaintiff received various warranties,

4    including, inter alia, a 5 year/50,000 miles bumper to bumper express warranty, a 5

5    year/50,000 miles express powertrain warranty, which covers the engine and transmission,

6    various emissions warranties that exceed the time and mileage limitations of the bumper to

7    bumper and powertrain warranties as well as other warranties that came with the vehicle

8    and/or subsequently issued by Defendant. Defendant undertook to preserve or maintain the

9    utility or performance of the Vehicle or to provide compensation if there is a failure in utility

10    or performance for a specified period of time. The warranty provided, in relevant part, that in

11    the event a defect developed with the Vehicle during the warranty period, Plaintiff could

12    deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be

13    repaired.

14          9.      In sum, during the express warranty period, the Vehicle developed various

15    defects, including but not limited to, defects related to the powertrain system, including the

16    engine, and/or transmission; defects related to the electrical system, and other defects.

17               **Some Portions of Plaintiff's Repair History**

18          10.     On or about August 13, 2012, with 828 miles on the odometer, Plaintiff

19    presented the Subject Vehicle to Defendant's authorized repair facility with various concerns

20    including, a popping noise from the driver's upper speaker, a battery low message, and the

21    radio volume going up and down randomly while driving.

22          11.     On or about August 30, 2012, with 1,302 miles on the odometer, Plaintiff

23    presented the Subject Vehicle to Defendant's authorized repair facility with various concerns

24    including, a popping noise from the driver's upper speaker, a battery low message, the sunroof

25    failing to go in all the way, and the radio volume going up and down randomly while driving.

26    Defendant's technician calibrated the sunroof, replaced the driver's door speaker, and replaced

27    the battery.

28

12.     On or about May 29, 2013, with 7,874 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility with various concerns including static crackling noise in speakers, no radio volume output, the radio losing presets, overhead light flickering, and the illumination of warning lights for the tires. Defendant's technician recalibrated the dynamic volume control, and replaced the battery, tire sensors and overhead lamp console.

13.     On or about November 11, 2013, with 11,759 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility with various concerns including a buzzing crackling in speakers, the radio going black, and the TPMS light being on again. Defendant's technician replaced the faulty instrument pack and battery, and updated the radio software.

14.     On or about February 19, 2015, with 23,384 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility with various concerns including the front door speakers sounding distorted and the center console cubby box failing to close. Defendant's technician replaced the driver's door sub speaker and the console latch.

15.     On or about May 9, 2016, with 34,043 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility with various concerns including the front door speakers vibrating when listening to music, a fluid leak, hesitation upon acceleration, and the front sunroof not closing all the way. Defendant's technician recalibrated the sunroof, updated the engine control module per Recall J056, and replaced the water pump.

16.     On or about September 12, 2017, with 47,044 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility with various concerns including the navigation screen going black, and rear sun shade malfunctioning. Defendant's technician replaced the battery and replaced the rear sun shade.

17.     On or about November 2, 2017, with 48,316 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility with various concerns

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

1   including the rear sun shade being inoperable. Defendant's technician replaced the rear sun

2   shade blind feet and recalibrated.

3       18.     However, despite these repair visits, Defendant and its authorized dealers failed

4   to conform the subject to Defendant's warranties after a reasonable number of repair attempts.

5       19.     Plaintiff did not know that Defendant and its dealers had failed to conform the

6   subject vehicle to their warranties until Plaintiff made a reasonable number of repair attempts

7   and determined that Defendant had failed to conform to the vehicle to the warranties.

8       20.     Defendant failed to offer relief in compliance with the Song-Beverly Consumer

9   Warranty Act.[1]

10      21.     Plaintiff suffered damages in a sum to be proven at trial in an amount that is not

11  less than $25,001.00.

12      22.     The foregoing defects substantially impair the use, value, or safety of the

13  Vehicle.

**FIRST CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT**

**VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2**

17      23.     Plaintiff incorporates by reference the allegations contained in the paragraphs

18  set forth above.

19      24.     Defendant and its representatives in this state have been unable to service or

20  repair the Vehicle to conform to the applicable express warranties after a reasonable number

---

[1] "A manufacturer's duty to repurchase a vehicle does not depend on a consumer's request, but instead arises as soon as the manufacturer fails to comply with the warranty within a reasonable time. (*Krotin v. Porsche Cars North America, Inc.* (1995) 38 Cal.App.4th 294, 301-302, 45 Cal.Rptr.2d 10.) Chrysler performed the bridge operation on Santana's vehicle in August 2014 with 30,262 miles on the odometer—within the three-year, 36,000 mile warranty. The internal e-mails demonstrating Chrysler's awareness of the safety risks inherent in the bridge operation were sent in September 2013, and thus Chrysler was well aware of the problem when it performed the bridge operation on Santana's vehicle. Thus, Chrysler's duty to repurchase or provide restitution arose prior to the expiration of the three-year, 36,000 mile warranty. Moreover, although we do not have the actual five-year, 100,000 mile power train warranty in our record, Santana's expert testified that the no-start/stalling issues Santana experienced were within the scope of the power train warranty, which was still active when Santana requested repurchase in approximately January 2016, at 44,467 miles. Thus the premise of Chrysler's argument—that Santana's request for repurchase was outside the relevant warranty—is not only irrelevant, but wrong." *Santana v. FCA US, LLC,* 56 Cal. App. 5th 334, 270 Cal. Rptr. 3d 335 (2020).

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

4

**COMPLAINT; JURY TRIAL DEMANDED**

1    of opportunities.  Despite this fact, Defendant failed to promptly replace the Vehicle or make

2    restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil

3    Code section 1793.1, subdivision (a)(2).

4         25.    Plaintiff has been damaged by Defendant's failure to comply with its

5    obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section

6    1793.1, subdivision (a)(2), and therefore brings this cause of action pursuant to Civil Code

7    section 1794.

8         26.    Defendant's failure to comply with its obligations under Civil Code section

9    1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that

10   they were unable to service or repair the Vehicle to conform to the applicable express

11   warranties after a reasonable number of repair attempts, yet Defendant failed and refused to

12   promptly replace the Vehicle or make restitution.  Accordingly, Plaintiff is entitled to a civil

13   penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794,

14   subdivision (c).

15        27.    Defendant does not maintain a qualified third-party dispute resolution process

16   which substantially complies with Civil Code section 1793.22.  Accordingly, Plaintiff is

17   entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code

18   section 1794, subdivision (e).

19        28.    Plaintiff seeks civil penalties pursuant to section 1794, subdivisions (c), and (e)

20   in the alternative and do not seek to cumulate civil penalties, as provided in Civil Code section

21   1794, subdivision (f).

22                              **SECOND CAUSE OF ACTION**

23                          **BY PLAINTIFF AGAINST DEFENDANT**

24          **VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2**

25        29.    Plaintiff incorporates by reference the allegations contained in the paragraphs

26   set forth above.

27        30.    Although Plaintiff presented the Vehicle to Defendant's representative in this

28   state, Defendant and its representative failed to commence the service or repairs within a

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

5

1   reasonable time and failed to service or repair the Vehicle so as to conform to the applicable

2   warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b).  Plaintiff

3   did not extend the time for completion of repairs beyond the 30-day requirement.

4       31.     Plaintiff has been damaged by Defendant's failure to comply with its

5   obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of

6   Action pursuant to Civil Code section 1794.

7       32.     Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the

8   Vehicle and have exercised a right to cancel the purchase.  By serving this Complaint,

9   Plaintiff does so again.  Accordingly, Plaintiff seeks the remedies provided in California Civil

10  Code section 1794(b)(1), including the entire contract price.  In the alternative, Plaintiff seeks

11  the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in

12  value of the Vehicle resulting from its defects.  Plaintiff believes that, at the present time, the

13  Vehicle's value is *de minimis*.

14      33.     Defendant's failure to comply with its obligations under Civil Code section

15  1793.2(b) was willful, in that Defendant and its representative were aware that they were

16  obligated to service or repair the Vehicle to conform to the applicable express warranties

17  within 30 days, yet they failed to do so.  Accordingly, Plaintiff is entitled to a civil penalty of

18  two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

## THIRD CAUSE OF ACTION

### BY PLAINTIFF AGAINST DEFENDANT

### VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2

22      34.     Plaintiff incorporates by reference the allegations contained in paragraphs set

23  forth above.

24      35.     In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed

25  to make available to its authorized service and repair facilities sufficient service literature and

26  replacement parts to effect repairs during the express warranty period.  Plaintiff has been

27  damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section

28  1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

6

36.     Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (a)(3) was wilful, in that Defendant knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during the warranty period, yet Defendant failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages; pursuant to Civil Code section 1794(c).

**FOURTH CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT**

**BREACH OF EXPRESS WRITTEN WARRANTY**

**(CIV. CODE, § 1791.2, SUBD. (a); § 1794)**

37.     Plaintiff incorporates by reference the allegations contained in paragraphs set forth above.

38.     In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs.  Plaintiff did so within a reasonable time.  Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the Defects.  However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

39.     Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore bring this Cause of Action pursuant to Civil Code section 1794.

40.     Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its authorized representative were aware that they were obligated to repair the Defects, but they intentionally refused to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times of Plaintiff's actual damages pursuant to Civil Code section 1794(c).

///

///

///

7

**COMPLAINT; JURY TRIAL DEMANDED**

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

STRATEGIC LEGAL PRACTICES, APC

1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIFTH CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT**

**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

**(CIV. CODE, § 1791.1; § 1794; § 1795.5)**

41.    Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

42.    Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability.  Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one-year.

43.    Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements:   (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

44.    At the time of purchase, or within one-year thereafter, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

45.    Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

**PRAYER**

PLAINTIFF PRAYS for judgment against Defendant as follows:

a.    For Plaintiff's actual damages in an amount according to proof;

8

**COMPLAINT; JURY TRIAL DEMANDED**

b.  For restitution;

c.  For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

d.  For any consequential and incidental damages;

e.  For costs of the suit and Plaintiffs' reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);

f.  For prejudgment interest at the legal rate; and

g.  For such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: May 20, 2021                    STRATEGIC LEGAL PRACTICES, APC

BY: _____
                    Tionna Dolin
                    Attorney for Plaintiff LINDA C. FRANCOIS
                    EDWARDS

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>TIONNA DOLIN (SBN 299010)<br>Strategic Legal Practices, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, California 90067<br>TELEPHONE NO.: (310) 929-4900  FAX NO.: (310) 943-3838<br>ATTORNEY FOR *(Name):* Plaintiff LINDA C. FRANCOIS EDWARDS | **FOR COURT USE ONLY**<br><br>F I L E D<br><br>MAY 2 1 2021<br><br>K. BIEKER CLERK OF THE COURT<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF CONTRA COSTA<br>By: _____ Th Pool, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
Edwards v JAGUAR LAND ROVER NORTH AMERICA, LLC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: C21-01034 |
|---|---|---|---|---|
| [✓] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] **Counter** [ ] **Joinder**<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* five (5)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 05/20/21
TIONNA DOLIN
_____
(TYPE OR PRINT NAME)                     ► _____  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

EDWARDS VS JAGUAR LAND ROVER

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSC21-01034

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  10/08/21      DEPT:  33      TIME:  8:30

THIS FORM, A COPY OF THE NOTICE TO DEFENDANTS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)608-1000 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.   an order establishing a discovery schedule
    b.   an order referring the case to arbitration
    c.   an order transferring the case to limited jurisdiction
    d.   an order dismissing fictitious defendants
    e.   an order scheduling exchange of expert witness information
    f.   an order setting subsequent conference and the trial date
    g.   an order consolidating cases
    h.   an order severing trial of cross-complaints or bifurcating
         issues
    i.   an order determining when demurrers and motions will be filed

SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  05/21/21                      _____
                                      BROOKE POOL
                                      Deputy Clerk of the Court