IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA EDWARDS,<br><br>       Plaintiff,<br><br>  v.<br><br>JAGUAR LAND ROVER NORTH AMERICA LLC,<br><br>       Defendant. | Case No. 21-cv-05061-CRB<br><br>**ORDER GRANTING MOTION TO REMAND** |

Plaintiff Linda Francois Edwards ("Edwards") brings this action against Defendant Jaguar Land Rover North America ("Jaguar") for breaches of warranty under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"). Compl. (dkt. 1) at 12. Jaguar removed the case to this Court, asserting diversity jurisdiction. Notice of Removal (dkt. 1) ¶ 9. Edwards now moves to remand. Mot. (dkt. 19) at 1. Because the Complaint does not allege total damages "more likely than not" in excess of $75,000, the Court GRANTS the motion to remand.

**I.    BACKGROUND**

On or about July 24, 2012, in Walnut Creek, California, Edwards purchased a new 2011 Jaguar XJL, which was manufactured and distributed by Jaguar. Compl. ¶ 7. Edwards purchased and used the Vehicle primarily for personal, family, or household purposes. Id. Edwards also bought various warranties associated with the vehicle. Id. ¶ 8. Edwards purchased "a 5 year/50,000 miles bumper to bumper express warranty, a 5 year/50,000 miles express powertrain warranty . . . various emissions warranties that exceed the time and mileage limitations of the bumper to bumper and powertrain

1  warranties as well as other warranties that came with the vehicle and subsequently issued
2  by [Jaguar]." Id.

3  Beginning in August 2012, the vehicle began to perform defectively. Id. ¶ 10.
4  Over a five-year period, Edwards alleges that she had to take the vehicle to the shop eight
5  times for various issues. Id. ¶¶ 10–18. Some of the alleged defects included "popping
6  noises from the speakers," "radio volume going up and down while driving," "sunroof
7  fail[ing] to go in all the way," "fluid leaks," and "hesitation upon acceleration." Id.
8  Despite the defects, Edwards alleges that Jaguar "failed to offer relief in compliance with
9  the Song-Beverly Consumer Warranty Act." Id. ¶ 19.

10  Edwards further alleges that she "suffered damages in a sum to be proven at trial
11  that is not less than $25,001," because the defects "substantially impair[ed] the use, value,
12  or safety of the [v]ehicle." Id. ¶¶ 19–20. Edwards alleges that Jaguar's failure to comply
13  with the express warranties was "willful," and that she is entitled to two times her "actual
14  damages" pursuant to the Song-Beverly Act. Id. ¶¶ 26, 33, 36, 40.

15  Jaguar filed a notice of removal based on diversity jurisdiction. Notice of Removal
16  ¶ 5. Jaguar claims that 28 U.S.C. § 1332's amount in controversy requirement is met
17  because the complaint requested "actual" damages of not less than $25,001, restitution,
18  attorneys' fees, and civil penalties twice the amount of actual damages. Id. ¶ 18 (a–f).
19  Edwards, in response, moves to remand, arguing that Jaguar has failed to adequately allege
20  that the amount in controversy requirement has been met. See Points and Authorities (dkt.
21  20) at 4. She states that the $25,001 figure refers to her total damages, which include, inter
22  alia, (1) actual damages; (2) civil penalties; and (3) attorneys' fees. Id. at 5 (emphasis in
23  original). Edwards argues that because Jaguar failed to proffer any evidence that actual
24  damages combined with civil penalties reach the statutory minimum, the Court must
25  remand the case to state court.

26  **II.  LEGAL STANDARD**

27  A defendant may remove "any civil action brought in a State court of which the
28  district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). District courts have

2

original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C § 1332(a)(1). There is a "strong presumption" against removal jurisdiction, and courts "strictly construe the removal statute against removal." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal . . . means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation and internal quotation marks omitted). When removal is based on diversity jurisdiction, the defendant bears the burden of establishing that the amount in controversy exceeds $75,000. See Gaus, 980 F.2d at 566.

A defendant who seeks to remove a case to federal court must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). This "short and plain statement" requirement mirrors the language found in Rule 8(a)(1) of the Federal Rules of Civil Procedure. The Supreme Court has explained that the use of the same language by Congress is "[b]y design" and "intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should apply the same liberal rules to removal allegations" as those applied to "other matters of pleading." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014) (quoting H.R. Rep. No. 100–889, at 71 (1988)).

Consistent with the pleading requirements outlined above, the Supreme Court has explained that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and need not prove the amount in controversy requirement to a legal certainty. Dart Cherokee, 574 U.S. at 88–89. When a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the jurisdictional threshold, the amount in controversy requirement is presumptively satisfied unless it appears to a "legal certainty" that the plaintiff cannot recover that amount. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402 (9th Cir. 1996). However, when the plaintiff fails to plead a specific amount of damages, the

defendant seeking removal "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 683 (9th Cir. 2006); see also 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval . . . is proper on the basis of an amount in controversy asserted . . . if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the [jurisdictional threshold]."). Therefore, under the preponderance of evidence standard, a defendant must provide evidence that it is "more likely than not" that the amount in controversy exceeds $75,000. Monumental Life Ins. Co., 102 F.3d at 404.

If a plaintiff contests the allegations made by the defendant in the notice of removal, both sides are to submit proof for the court to decide, by a preponderance of evidence, whether the amount in controversy requirement has been met. Dart Cherokee, 574 U.S. at 88; see also Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1198 (9th Cir. 2015) ("[W]hen the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies.") (citing Dart Cherokee, 574 U.S. at 88–89).

### III. DISCUSSION

Edwards seeks remand, arguing that Jaguar has not carried its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Mot. at 1. Jaguar argues that the amount in controversy alleged in the Complaint exceeds $75,000 because Edwards seeks remedies that include "not less than $25,001" in damages, a civil penalty that is twice the amount of actual damages, and attorneys' fees. Notice of Removal ¶ 18.

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's liability." Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019) (quoting Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010)). When assessing the amount in controversy, a court "may consider [the] allegations in the complaint and in the notice of removal, as well as [relevant] summary-judgment-type evidence." Chavez v. JP Morgan Chase & Co., 888

4

F.3d 413, 416 (9th Cir. 2018). Additionally, a party's allegations in its opposition to a motion to remand are considered amendments to its notice of removal. Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n.1 (9th Cir. 2002). A defendant must support specific factual allegations made in its notice of removal "with evidence combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations" to establish that the amount in controversy "more likely than not" exceeds $75,000. Ibarra, 775 F.3d at 1197.

Here, it is not clear from the face of the Complaint that the amount in controversy exceeds $75,000, and Jaguar fails to provide evidence that the case "more likely than not" exceeds the statutory minimum.

### A. Face of the Complaint

"The allegations in the complaint dictate the defendant's burden." Feichtmann v. FCA US LLC, 20-cv-01790-EJD, 2020 WL 3277479, at *2 (N.D. Cal. June 18, 2020). If a plaintiff's complaint "does not specify a particular amount of damages, the removing defendant bears the burden of establishing by a 'preponderance of the evidence' that it is 'more likely than not' that the amount in controversy exceeds $75,000." Feichtmann, 2020 WL 3277479, at *2 (citing Monumental Life Ins. Co., 102 F.3d at 404; Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007)). Jaguar first argues that the amount in controversy is met based on the face of the Complaint. Notice of Removal ¶ 18. Jaguar contends that Plaintiff's damages figure of "not less than $25,001.00" only includes actual damages, and not civil penalties or other awards such as attorneys' fees. Id. Edwards, in contrast, maintains that the $25,001.00 damage figure refers to her "total damages," which includes civil penalties and attorneys' fees. Mot. at 5.

Although damages are distinct from civil penalties, it is not clear what Edwards meant by "damages" in paragraph twenty-one in her Complaint. Compl. ¶ 21 ("[p]laintiff suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00"). Edwards refers to "damages" in the body of the Complaint, whereas in the prayer for relief, she refers to "actual damages" and "civil penalties" in separate lines. See

Compl. In Feichtmann, a case with nearly identical facts, the court held that because the prayer for relief contained separate lines for "actual damages" and "civil penalties," the court could just as easily come to the determination that damages "not less than $25,001.00" included the potential civil penalty. 2020 WL 3277479, at *3. This same reasoning applies here.

Jaguar relies on Bernstein, arguing that the civil penalty that Edwards seeks is distinct and should be calculated on top of the $25,001 in damages. Opp. (dkt. 23) at 10. However, in Bernstein, the plaintiff alleged that "[t]he amount in controversy exceeds twenty-five thousand dollars ($25,000), exclusive of interest and costs. . . . [and] Plaintiff seeks damages . . . for incidental, consequential, exemplary, and actual damages." Feichtmann, 2020 WL 3277479, at *2 (citing Bernstein, 2018 WL 2210683, at *2). Here, the Complaint does not include any language specifying that the $25,001 represented only actual damages.

Because this Circuit strictly construes removal jurisdiction in favor of remand, the Court finds that the face of the Complaint does not clearly allege the statutory minimum. See Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1169 (E.D. Cal. 2011).

### B. Preponderance of Evidence Test

When a state court complaint does not specify the amount of damages on its face, a defendant may still establish the statutory minimum of more than $75,000 by providing evidence that the amount in controversy is "more likely than not" met. Monumental Life Ins. Co., 102 F.3d at 404. The only evidence that Jaguar points to is about attorneys' fees. See Opp. at 14–15.

#### 1. Attorneys' Fees

When a state statute authorizes an award of attorneys' fees, such fees may be included in the amount in controversy. Gitlin v. AMCO Ins. Co., No. 18-CV-07793- CRB, 2019 WL 2851320, at *3 (N.D. Cal. July 3, 2019). The Circuit has determined that "'there is no question that future [attorneys' fees] are 'at stake' in the litigation,' and the defendant may attempt to prove that future attorneys' fees should be included in the amount in

controversy." See Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 794 (9th Cir. 2018). "The 'mere futility' of attorneys' fees and costs does not preclude them from being part of the amount in controversy." Feichtmann, 2020 WL 3277479, at *3 (citing Chavez, 888 F.3d at 418).

Jaguar alleges simply that attorneys "regularly" request more than $60,000 worth of attorneys' fees under the Song-Beverly Act. See Opp. at 15 n. 1. In Fiechtmann, the court held that simply stating that plaintiffs regularly request an amount of money in attorneys' fees is too speculative. 2020 WL 3277479, at *3. While Jaguar cites to cases where parties regularly request "more than $60,000," it fails to offer any information about what a regular case is. See Opp. at 15 n. 1. Without more evidence, the Court cannot determine whether these facts are substantively similar to that of the cited cases. Because Jaguar fails to provide the Court with specific evidence showing that attorneys' fees, combined with actual damages, are "more likely than not" more than $75,000, attorneys' fees will not be used to satisfy the amount-in-controversy requirement.

### 2. Mileage Offsets

Jaguar, in addition, failed to address the potential mileage offsets in the case. Actual damages under the Song-Beverly Act appear as restitution of the "amount equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer" prior to the first repair attempt for "the problem that gave rise to the [defect]." Botnick v. BMW of N. Am., LLC, No. 20-cv-10880-ODW, 2021 WL 2804899, at *2 (C.D. Cal. July 6, 2021); see also Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The reduction is based on the number of miles a buyer drove the Vehicle prior to the first attempted repair, often referred to as the "mileage offset." Schneider v. Ford Motor Co., 441 F. Supp. 3d 909, 915 (N.D. Cal. Mar. 2, 2019). Jaguar has failed to present any evidence of how the mileage offset would affect the overall amount in actual damages. Therefore, Jaguar has not, by a preponderance of the evidence, demonstrated that the actual damages exceed $75,000.

### 3. Summary as to the Preponderance of the Evidence Standard

Jaguar has failed to provide evidence above and beyond what is in the Complaint to satisfy its burden. Because attorneys' fees cannot be added to the amount in controversy here, and because Jaguar failed to address the mileage offsets, Jaguar has not established by a preponderance of the evidence that the amount in controversy is met.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS the Motion to Remand.

**IT IS SO ORDERED.**

Dated: March 23, 2022

CHARLES R. BREYER
United States District Judge